[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Kathleen Kogut, and the defendant intermarried on May 29, 1982 in Portland, Connecticut. The plaintiff has resided continuously within the State of Connecticut for at least one CT Page 8409 year prior to the filing of this complaint. There are only two minor children born to the plaintiff since the date of the marriage, Laura Lynn Hutchinson, born January 29, 1985 and Jessica Marie Hutchinson, born June 16, 1989. Neither the State of Connecticut nor any other governmental agency has contributed to the support of the children or either party. The court has jurisdiction over the parties and the marriage.
Based upon the relevant, credible and admissible evidence offered herein and all the reasonable inferences therefrom and taking into account the statutory scheme that exists for equitable distribution orders, the following constitute the findings of fact and conclusions of law herein.
This case proceeded to trial as a contested custody matter, and the parties contested the distribution of the marital assets. An attorney was appointed for the minor children and was present during the trial and participated.
While this marriage was relatively happy in its early years, during the period of 1991 to 1997 it slowly disintegrated. There was a shortage of money and the parties were constantly arguing over financial matters, and each equally participated in the precipitation of these ongoing disputes. The defendant had complaints concerning the plaintiff's conduct and vice versa including her claims that he purchased things without her knowledge and that he gambled on some football games. There was one instance of a minor degree of domestic violence perpetrated upon her as a result of an argument, however, viewing the decline the marriage as a whole, the court concludes that each party participated to substantially an equal amount in the downfall of this marriage which the court concludes has now irretrievably broken down. There are two minor children issue of this marriage and their custody is contested. The younger child, Jessica, who is now 10 years of age, suffers from a deformity of her right upper extremity and hand and her shoulder blade is not fully developed. She has had 5 surgeries in the past and, in view of these problems, appears to function quite well as a young growing child. The other child, Laura, appears to enjoy a happy, normal childhood. Both of the children express love and devotion for both of their parents and it is their wish to spend an equal amount of time with each parent.
The parents do not directly communicate. This has been the situation for some period of time "and the father declines to respond to the written notes from the mother rather trying to get her to orally communicate about the children's needs, but not in the presence of the children as is her custom. The mother refuses to talk to the father except for some sparse telephone calls to him at work. The court does not question that each parent loves the children and that they are relatively CT Page 8410 capable parents. However, the court finds that the non-communication of the parents and the need for the children to remain in the present home setting are overriding concerns that negate any viability to an order of joint custody to these parties.
The father has no desire to unreasonably restrict the mother's time with the children and has responded favorably to the children's requests through their attorney to spend approximately half of the time with each parent.
These children have a valuable extended family resource in their aunt and their grandmother. Both of these collateral family members have provided interim care and played an ongoing part in early morning and latchkey care for the children surrounding their attendance at school. It is most desirable that the children remain in their present home setting, particularly the younger child in view of her disabilities and the support system that is available to her.
Custody of the minor children is awarded to their father with reasonable and liberal rights of visitation to the mother. The father shall make all necessary child caring decisions, conferring with the mother should she decide to orally communicate with him not in the presence of the children. It should be the aim of each of these parents to attempt to rehabilitate their personal relationship and communication with each other such that they can in the future each play a substantial and ongoing role in their rearing of their two children.
The court finds that the value of the marital residence is $125,000.00 and there is a $109,000.00 mortgage presently existing. All right, title and interest in and to the premises is "assigned to the defendant/father in order that he may maintain that home as a residence for the children. The court concludes that there is an insubstantial amount of equity particularly when subjected to the costs of sale of the residence and that the needs of the children far outstrip the distribution of this small equity to the parties at this time. The father shall not mortgage or otherwise lien said property, but on or before July 1, 2008 shall pay to the plaintiff/mother 50% of the then equity of said premises less one-half of any principal reduction in the balance of the said first mortgage that he shall have accomplished by virtue of his ongoing payments. The plaintiff/mother shall pay one-half of the costs of any repairs or replacements in access of $1,000.00, the father paying the first $1,000.00. He shall execute and deliver to the mother a mortgage or other recordable instrument to protect her interest as set forth above. In the interim, he shall hold her harmless in connection with mortgage, taxes, insurance and any other costs of maintenance of ownership of the property other then as aforementioned. In the event said resident shall CT Page 8411 cease to be used a principal of residence for the children, the July 1, 2008 date shall be escalated and the mother shall be entitled at such time to her share of the then existing equity in the premises.
The plaintiff/mother shall pay to the father guideline support for the minor children by contingent wage withholding and pay 50% of any amount of any un-reimbursed reasonable health expenses incurred on behalf of the children. The father shall provide basic medical coverage for the minor children as available through his employment. The mother shall have statutory COBRA rights as they may be available at her expense.
Each party shall be responsible for 50% of the outstanding allegations as listed on both of their financial affidavits, with the exception of the home mortgage, and each shall contribute and pay one-half of any outstanding, unpaid, reasonable expenses for the attorney for the minor children.
This court enters no order in connection with the past due pendente lite support nor the distribution of the IRS refund checks since the date of the trial, arrived at a mutual settlement of those two issues.
Any savings bonds of the children's are to be identified and each party shall have copies thereof or copies of indicia of ownership thereof and they shall be maintained for the benefit of the children.
The court declines to enter an order of alimony in favor of either party.
Each party shall retain their separate pension and bank accounts. The plaintiff retains the 1992 Corolla and the defendant retains the 1987 Camry.
With respect to the personal property located in the home, the court assumes that the parties have arrived at a mutual distribution agreement of those items. If they have not, a reasonable but somewhat minimal division of that property should go to the mother, the concept herein being that the home should be maintained substantially as it is for the children. At the time the real estate is distributed, any household property located therein shall be divided equally amongst the parties hereto with the exception of interim acquisitions of the father.
A decree is entered dissolving this marriage.
It is so ordered.
 ____________________, J. HIGGINS
CT Page 8412